UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
EPHRAIM DEWICK, *individually and on behalf of all others similarly situated*,

                              Plaintiff,

- against -

MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP,

                              Defendant.
-------------------------------------------------------------------x

**OPINION & ORDER**

No. 18-CV-5273 (CS)

Appearances

Daniel Kohn
Stein Saks, PLLC
Hackensack, New Jersey
*Counsel for Plaintiff*

Robert L. Arleo
New York, New York
*Counsel for Defendant*

Seibel, J.

Before the Court is the motion to dismiss of Defendant Mullooly, Jeffrey, Rooney & Flynn, LLP.  (Doc. 11.)

# I.    BACKGROUND

I accept as true the facts, but not the conclusions, set forth in Plaintiff's Complaint.  (Doc. 1 ("Compl.").)

### A.    Facts

Plaintiff Ephraim Dewick is a resident of Monsey, New York who allegedly incurred a debt to Bank of America that Defendant, a debt collector, was contracted to collect.  (*Id.* ¶¶ 7-8, 22, 26.)  On or about March 13, 2018, Defendant caused a letter to be delivered to Plaintiff

1

regarding the alleged debt (the "Collection Letter"). (*Id.* ¶ 28.)[1] The envelope contained a transparent or "glassine" window in the bottom left corner of the envelope. (*Id.* ¶ 30.) Visible through the window were Plaintiff's name and address as well as the words "Current," "MJRF File," and "Account." (Court Ex. 1.)[2] The return address listed on the envelope was as follows:

Personal & Confidential
1 JERICHO TURNPIKE, SUITE 220
P.O. BOX 9036
SYOSSET, NEW YORK 11791-9036

(*Id.*)

### B. Procedural History

On June 12, 2018, Plaintiff commenced this putative class action suit alleging that Defendant violated § 1692f(8) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, "by allowing the name [of the] debt collector as well as other person[al] information to be visible from the outside of the envelope." (Compl. ¶ 40; *see id.* ¶¶ 5, 33, 37-41.) On July 10, 2018, Defendants submitted a letter requesting a pre-motion conference in anticipation of their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 7.) Plaintiff responded by letter on July 30, 2018, (Doc. 9), and on August 3, 2018, the Court held a pre-motion conference to discuss the motion, (Minute Entry dated Aug. 3, 2018). On September 4, 2018, Defendant moved to dismiss the complaint, (Doc. 11), arguing that it fails to state a claim upon which relief can be granted, (Doc. 12 ("D's Mem.")). Plaintiff filed his brief in opposition on September 14, 2018, (Doc. 13 ("P's Opp.")), and Defendant replied on September 24, 2018, (Doc. 24).

---

[1] The Court assumes that the March 13, 2018 Collection Letter was for the debt allegedly incurred to Bank of America, (Compl. ¶¶ 22-26), and that the reference to "the alleged debt owed to Citibank," (*id.* ¶ 28), was in error.

[2] A copy of Court Exhibit 1 is attached to this Opinion & Order.

## II. MOTION TO DISMISS

### A. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration, citations, and internal quotation marks omitted). While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Id.* at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Documents Properly Considered

When deciding a motion to dismiss, a court is entitled to consider:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents "integral" to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint . . . , and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Weiss v. Inc. Vill. of Sag Harbor*, 762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011) (internal quotation marks omitted). To be incorporated by reference, the complaint must make "a clear, definite and substantial reference to the documents." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010) (internal quotation marks omitted). "A document is integral to the complaint where the complaint relies heavily upon its terms and effect. Merely mentioning a document in the complaint will not satisfy this standard; indeed, even offering limited quotation[s] from the document is not enough." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (alteration in original) (citation and internal quotation marks omitted).

At the August 3, 2018 conference, the Court was provided a copy of the envelope addressed to Plaintiff from Defendant. (Court Ex. 1; *see* Minute Entry dated Aug. 3, 2018.) Because the envelope is incorporated by reference in and integral to the Complaint, and because Plaintiff consented to the Court's consideration of the envelope in deciding Defendant's motion, it is properly considered. Additionally, Defendant submitted as an exhibit to its motion an Opinion and Order issued in *Mlabasati v. Forster & Garbus, LLP*, No. 15-CV-3288 (E.D.N.Y. Oct. 8, 2015). (D's Mem. Ex. 1.) The decisions of other courts are, of course, properly considered in deciding a motion to dismiss.

C.     **FDCPA Claim**

The FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Pertinent here is § 1692f(8), which prohibits a debt collector's "[use of] any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." *Id.* § 1692f(8). "Violations of the FDCPA are assessed using an objective, 'least sophisticated consumer' standard . . . ." *Gardner v. Credit Mgmt. LP*, 140 F. Supp. 3d 317, 320 (S.D.N.Y. 2015). "The hypothetical least sophisticated consumer does not have the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer, but is neither irrational nor a dolt." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (internal quotation marks omitted).

Section 1692f(8) is susceptible to two different interpretations. Viewed in isolation, § 1692f(8) bars any markings on the exterior of a debt collection envelope other than the name and address of the debt collector. Read in the context of the prefatory language of § 1692f concerning the use of "unfair or unconscionable means to collect . . . any debt," however, the provision only prohibits markings on the exterior of debt collection envelopes "'that are unfair or unconscionable, such as markings that would signal that it is a debt collection letter and tend to humiliate, threaten, or manipulate debtors.'" *Gelinas v. Retrieval-Masters Creditors Bureau, Inc.*, No. 15-CV-116, 2015 WL 4639949, at *2 (W.D.N.Y. July 22, 2015) (quoting *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 493 (5th Cir. 2004)).

The latter interpretation is more persuasive for three reasons. First, "[i]t is a fundamental canon of statutory construction that the words of a statute must be read in their context and with

5

a view to their place in the overall statutory scheme." *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (internal quotation marks omitted). Second, the isolated reading of the provision would "prohibit the inclusion of the recipient's name, h[is] address, or preprinted postage, which would . . . yield the absurd result that a statute governing the manner in which the mails may be used for debt collection might in fact preclude the use of the mails altogether." *Gardner*, 140 F. Supp. 3d at 320 (collecting cases). And third, reading § 1692f(8) in context comports with both legislative intent and agency interpretation of the FDCPA. Congress enacted the Act "to eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), because such deceptive practices contribute to, among other things, "invasions of individual privacy," *id.* § 1692(a); *see* S. Rep. No. 95-382, at 2, 8 (1977), *as reprinted* in 1977 U.S.C.C.A.N. 1695, 1696, 1702 (indicating that legislation was needed to target debt collection abuse, including "disclosing a consumer's personal affairs to friends, neighbors, or an employer," and listing as an example of unfair or unconscionable debt collection practice the "us[e of] symbols on envelopes *indicating that the contents pertain to debt collection*") (emphasis added); *see also Schweizer v. Trans Union Corp.*, 136 F.3d 233, 238 (2d Cir. 1998) (purpose of § 1692f(8) "is to protect the privacy of the debtors") (internal quotation marks omitted). Additionally, the Federal Trade Commission has indicated that "[a] debt collector does not violate [§ 1692f(8)] by using an envelope [printed] with words or notations that do not suggest the purpose of the communication." *Goswami*, 377 F.3d at 494 (citing FTC Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,108 (Dec. 13, 1988)).

In light of these considerations, most courts have recognized that there is a so-called "benign language" exception to § 1692f(8) that permits markings on a debt collection envelope

6

"that do nothing to intimate that the contents of the letter relate to the collection of delinquent debts." *Gelinas*, 2015 WL 4639949, at *3; *see, e.g.*, *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 319 (8th Cir. 2004); *Goswami*, 377 F.3d at 494 (collecting cases); *Gardner*, 140 F. Supp. 3d at 321 (collecting cases); *Perez v. Glob. Credit & Collection, Corp.*, No 14-CV-9413, 2015 WL 4557064, at *3, *5 (S.D.N.Y. July 27, 2015); *Lindbergh v. Transworld Sys., Inc.*, 846 F. Supp. 175, 180 (D. Conn. 1994). Although the Second Circuit has not formally adopted the benign language exception, it has alluded to it. *See Schweizer*, 136 F.3d at 239 (determining that visible "words like 'telegram'" do not violate § 1692f(8) because such words "do not by themselves reveal that the content of a letter involves debt collection"). Given the foregoing, this Court finds that a benign language exception to § 1692f(8) exists.

That exception applies here. Plaintiff alleges in his Complaint that "Defendant violated [§ 1692f(8)] by allowing the name [of the] debt collector as well as other person[al] information to be visible from the outside of the envelope, through the glassine window in which the March 13, 2018 Collection Letter was mailed." (Compl. ¶ 40.) In his opposition brief, Plaintiff further asserts that he has properly pleaded that Defendant violated § 1692f(8) because Defendant's name as well as the words "Current" and "Account" were visible on the exterior of the envelope containing the Collection Letter and, viewed together, "are unquestionably indicative of a debt collection letter." (P's Opp. at 7-8.) His arguments, however, are not persuasive.

As an initial matter, an acronym of Defendant's name ("MJRF"), not "Mulloly, Jeffrey, Rooney & Flynn, LLP," is visible through the window of the envelope containing the Collection Letter. (*See* Court Ex. 1.)[3] Even if the full firm name were visible, § 1692f(8) expressly permits

---

[3] In his Complaint, Plaintiff alleges that the "name [of the] debt collector" is visible from the exterior of the envelope containing the March 13, 2018 Collection Letter. (Compl. ¶ 40; *see id.* ¶ 31.) That allegation, however, is contradicted by the envelope itself, which shows that an acronym for Defendant's name, not the name itself, was visible from the outside of the envelope. (*See* Court Ex. 1.) Where an allegation in the complaint is contradicted by

7

a debt collector to use its business name "if such name does not indicate that [it] is in the debt collection business," 15 U.S.C. § 1692f(8), and nothing about "MJRF" or "Mulloly, Jeffrey, Rooney & Flynn, LLP" is indicative of debt collection. Accordingly, Plaintiff's reliance on *Davis v. Baron's Creditors Serv. Corp.*, No. 00-CV-4104, 2001 WL 1491503, *5 (N.D. Ill. Nov. 20, 2001), and *Rutyna v. Collection Accounts Terminal, Inc.*, 478 F. Supp. 980, 982 (N.D. Ill. 1979), is misplaced, because the envelopes at issue in those cases displayed the words "Baron's Creditor's Services Corporation" and "Collections Account Terminal, Inc.," respectively, and both phrases could be construed by an unsophisticated consumer to indicate that the defendant is in the debt collection business. The same is not true of "MJRF" or "Mulloly, Jeffrey, Rooney & Flynn, LLP," the latter of which indicates a law firm but not what kind. *See, e.g.*, *Johnson v. NCB Collection Servs.*, 799 F. Supp. 1298, 1305 (D. Conn. 1992) (use of "Revenue Department" in return address was innocuous and therefore did not violate § 1692f(8)).

Plaintiff also argues, without citing any legal authority, that because a Google search of "MJRF" will easily lead an individual to discover that Defendant is a debt collection firm, the language violates § 1692f(8). (P's Opp. at 6.) But the plain language of the provision states that "a debt collector may use his business name if such name does not indicate that he is in the debt collection business"; there is no exception to the use of a business name if an internet search or other research could unearth that the entity is in the debt collection business. 15 U.S.C. § 1692f(8); *see DeCraene v. Weber & Olcese, P.L.C.*, 300 F. Supp. 3d 978, 982 (W.D. Mich. 2018) (rejecting attempt to add research element to unsophisticated consumer calculus); *Davis v. MRS BPO, LLC*, No. 15-CV-2303, 2015 WL 4326900, at *3 (N.D. Ill. 2015) (same). With the

---

a document properly considered in deciding the motion to dismiss, the document controls. *Cf. Kardovich v. Pfizer, Inc.*, 97 F. Supp. 3d 131, 140 (E.D.N.Y. 2015). Accordingly, the Court need not accept as true Plaintiff's allegation that the name of the debt collector was visible on the exterior of the envelope.

advanced technological capabilities of internet searches, even the most obscure names and abbreviations for a debt collector (or even just its return address), once searched, eventually will indicate that the individual or entity is in the debt collection business. The Court will not read into a statute a requirement that Congress did not provide.

Finally, Plaintiff's assertion that the acronym "MJRF," when viewed in conjunction with the words "File," "Current," and "Account," indicates that Defendant is a debt collector, (P's Opp. at 6), is without merit. Such markings on an envelope are innocuous and are consistent with mailings unrelated to the collection of a delinquent debt, such as a letter from a law firm, a paycheck, or a credit card bill that is not past due, among other things. Nothing about such markings, viewed individually or collectively by an unsophisticated consumer, suggests that the content of the mailing is a debt collection letter. *See, e.g.*, *Gardner*, 140 F. Supp. 3d at 324 (string of alphanumeric characters visible through glassine envelope window does not convey that recipient is in debt); *Perez*, 2015 WL 4557064, at *5 (same); *Johnson*, 799 F. Supp. at 1305 (use of "Revenue Department" in letter's return address does not indicate correspondence is from debt collector); *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1466 (C.D. Cal. 1991) (benign language like "Personal & Confidential" and "Forwarding and Address Correction Requested" does not violate § 1692f(8)). Because the use of "MJRF File," "Current," and "Account" on a collection envelope is not the kind of abusive debt collection practice that the FDCPA was intended to prohibit, Defendant's motion to dismiss Plaintiff's FDCPA claim is granted.

### III. ORDER TO SHOW CAUSE

Defendant asserts that Plaintiff should be ordered to show cause why he should not pay Defendant's attorney's fees and costs and further requests that the Court compel Plaintiff to

testify in open court concerning his reasons for filing the instant action.  (*See* D's Mem. at 13-15.)  The FDCPA allows a defendant to recover attorney's fees upon finding that an action "was brought in bad faith and for the purpose of harassment."  15 U.S.C. § 1692k(a)(3).  But "[t]he fact that a defendant is entitled to judgment on the pleadings does not provide a basis for an automatic award of attorney's fees; there must be evidence that the plaintiff both knew that h[is] claim was meritless and pursued it with the purpose of harassing the defendant."  *Blumenfield v. Advanced Call Ctr. Techs., LLC*, No. 15-CV-4578, 2015 WL 6442621, at *3 (E.D.N.Y. Oct. 23, 2015); *see Hasbrouck v. Arrow Fin. Servs/ LLC*, No. 09-CV-748, 2011 WL 1899250, at *7 (N.D.N.Y. May 19, 2011); *Kahen-Kashani v. Nat'l Action Fin. Servs., Inc.*, No. 03-CV-828, 2004 WL 1040384, at *7 (W.D.N.Y. Apr. 12, 2004).

The Court denies Defendant's request.  Where, as here, the merits of an FDCPA claim turn on a question of law that has not been decided by the Second Circuit, the claim by itself does not establish bad faith within the meaning of § 1692k(a)(3).  *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 97 (2d Cir. 2010).  That courts other than the Supreme Court and the Second Circuit have rejected Plaintiff's contentions does not suffice to suggest that Plaintiff initiated this action in bad faith and for the purpose of harassment.  Accordingly, the Court declines to award fees or compel Plaintiff to testify concerning his motivations for commencing this lawsuit.

## IV.   LEAVE TO AMEND

Leave to amend a complaint should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  It is "within the sound discretion of the district court to grant or deny leave to amend."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  "Leave to amend, though liberally granted, may properly be denied for:  'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

10

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff has not requested leave to amend or otherwise suggested that he is in possession of facts that would cure the deficiencies identified in this opinion. Further, because Plaintiff's claim concerns the markings on an envelope, a copy of which the Court considered in deciding the instant motion, no such additional facts could exist. In short, the problem with Plaintiff's claim is substantive, and thus "better pleading will not cure it" and "[r]epleading would . . . be futile." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Accordingly, the Court declines to grant leave to amend *sua sponte*. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (denial of leave to amend is proper where amendment would be futile); *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (plaintiff need not be given leave to amend if he fails to specify how amendment would cure the pleading deficiencies in his complaint); *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result).

## V. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 11), and close the case.

**SO ORDERED.**

Dated: January 25, 2019
      White Plains, New York

                                                  _____
                                                  CATHY SEIBEL, U.S.D.J.

Personal & Confidential
1 JERICHO TURNPIKE, SUITE 220
P.O. BOX 9036
YOSSET, NEW YORK 11791-9036



EPHRAIM DEWICK
MONSEY, NY 10952

Current (

MJRF File

Account

10952$2579 C005

ctx
8/3/18
CA